United States District Court
Southern District of Texas

**ENTERED**

February 19, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LOPEZ TDCJ # 2162072, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-3045 |
| | § | |
| CHRISTOPHER N. GARCIA, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff, Michael Lopez (TDCJ #216072), has filed a Civil Rights Complaint (Docket Entry No. 1-3) under 42 U.S.C. § 1983 against several Texas Department of Criminal Justice ( "TDCJ") employees. Now pending is the defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12 (b)(1) and (6) ("Defendants' Motion to Dismiss")(Docket Entry No. 3). Lopez has not responded to the motion. After considering all of the pleadings and the applicable law, the court will grant the motion to dismiss filed by the defendants for the reasons explained below.

### I. Background

Lopez alleges that several discrete events violated his rights under the Eighth Amendment. All events allegedly occurred at TDCJ's Wynne Unit, where the defendants are employed.

Lopez first complains that temperatures inside the unit dropped below freezing for three days in March 2023 due to a broken

window and lack of heating.  Complaint at 7.  Lopez alleges that two officers came through the cell block asking whether anyone needed extra blanket or jacket, but that he never received either. Id. at 7, 14.  The defendants note that Lopez does not allege that he lacked all bedding or jackets, but only that he did not receive any extra blankets or jackets.

Lopez further alleges that he was only allowed recreation "about a dozen times" during his first year at the Wynne Unit.  Id. at 8.  He alleges that he complained and filed grievances, and that the lack of recreation violated TDCJ policy.  Id. at 8, 16-17.

Lopez alleges that he did not receive meals "at proper times" for several months in 2023 and early 2024.  He acknowledges that he did receive his meals, but claims that they were served hours late. Id. at 9-10.  He also claims that he once received a meal tray with a cockroach on it.  Id. at 12.  He contends that, on another occasion, staff forgot to bring his lunch tray.  Id.

Lopez claims that the water in his cell was turned off for 12 hours over night on June 19 and 20, 2023.  He was told that the water was turned off because another inmate was flooding his cell, and he complains that his grievance was not properly addressed. Id. at 9, 46-49.

On July 7, 2025, the defendants filed their motion to dismiss. Lopez has not responded.

## II. **Standard of Review**

The defendants move to dismiss the Amended Complaint under

Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**A.    Rule 12(b)(1)**

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. Home Builders Assoc' of Miss., Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. Espinoza v. Mo. Pacific R. Co., 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. Irwin v. Veterans Admin., 874 F.2d 1092, 1096 (5th Cir.1989).

**B.    Rule 12(b)(6)**

To withstand a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974.

In reviewing a motion under Rule 12 (b)(6), a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." Bustos v. Martini

Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010) (citation and internal quotation marks omitted). However, a reviewing court need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007)(citation and internal quotation marks omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because he proceeds pro se, the plaintiff's pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed [.]'")(quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level[.]" Twombly, 127 S. Ct. at 1965. If the plaintiff's complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974.

### III. Analysis

Lopez claims the defendants' actions and omissions violated his rights under the Eighth Amendment. The defendants argue that they are immune from suit in their official capacities, and that the complaint fails to state a claim for relief.

-4-

A.    **Eleventh Amendment Immunity**

Lopez seeks damages, but does not specify whether he sues the defendants in their individual or official capacities.  To the extent that he sues the defendants in their official capacities, his claims are barred by the Eleventh Amendment.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  Pennhurst State Sch. & Hosp. v. Halderman, 104 S.Ct. 900, 908(1984).  A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state.  Hafer v. Melo, 112 S.Ct. 358, 361 (1991).  The defendants are entitled to dismissal of Lopez's claims to the extent they seek to hold the defendants liable in their official capacities.

B.    **Eighth Amendment**

Lopez contends that the events listed above violated his right to be free from cruel and unusual punishment under the Eighth Amendment.  To prevail on his Eighth Amendment claims, Lopez

> must show that his confinement resulted in a deprivation that was "objectively, sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation and citation omitted). It is well settled that "the Constitution does not mandate comfortable prisons," and that prison conditions may be "restrictive and even harsh" without running afoul of the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); see also id. at 347, 101 S.Ct. 2392 (noting that such

> conditions are "part of the penalty that criminal offenders pay for their offenses against society").

Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008).

> A two-part test determines whether a prisoner has established a constitutional violation [under the Eighth Amendment]. See Woods [v. Edwards, 51 F.3d [577] at 581 [(5th Cir. 1995)]. First, he must demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need." Id. (quotation omitted). Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement.

Harper v. Showers, 174 F.3d 716, 719-20 (5th Cir. 1999)(footnotes omitted). Lopez's claims fail to satisfy this standard.

## 1.    Cold Temperature

Lopez alleges that temperatures inside the unit were below freezing for three days. Lopez does not contend that he was deprived of blankets, jackets, or other items of warm clothing and bedding.

In Ruiz v. LeBlanc, 643 Fed. App'x 358 (5th Cir. 2016), the Fifth Circuit held that exposure to cold temperatures did not violate the Eighth Amendment when the plaintiff has access to blankets and warm clothing. Id. at 361 (discussing Bibbs v. Early, 541 f.3d 267, 275 (5th Cir. 2008)). Lopez had access to such items, and therefore fails to state an Eighth Amendment claim.

-6-

### 2.  Lack of Recreation

Lopez alleges that he was only allowed recreation about a dozen times over a one year period, or approximately once per month.  Lopez also acknowledges that he was disciplined three times during this period, resulting in 135 days of restricted recreation.  Complaint at 16-17.  Factoring in the disciplinary measures, Lopez's complaint amounts to a claim that he received a dozen days of recreation in a 230 day period, or an average of one day of recreation every 19 days.  This fails to state a claim under the Eighth Amendment.  See, e.g., Peterson v. Peshoff, 216 F.3d 1079 (5th Cir. 2000)(plaintiff's "contention that he was deprived of outdoor exercise for approximately 47 days is frivolous").

### 3.  Food Schedule

Lopez alleges that meals were not served "at proper times." He does not allege that he was deprived of any meal, or that he suffered any injury.  These allegations do not state a claim for an Eighth Amendment violation.  See Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period.")

### 4.  Lack of Water

Lopez alleges that the water in his cell was turned off from 6 PM on June 19 until 6 AM on June 20.  He does not allege that he suffered any injury as a result.  Lopez acknowledges that he was

informed that the water was cut off because another inmate flooded his cell.

"Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components. See Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). For the objective component, 'extreme deprivations are required to make out a conditions-of-confinement claim.' Id. at 9, 112 S.Ct. at 1000." Davis v. Scott, 157 F.3d 1003, 1004 (5th Cir. 1998). Lopez does not allege an extreme deprivation.

In Davis, the Fifth Circuit held that it did not violate the Eighth Amendment for an inmate to be confined for three days in a cell "with blood on the walls and excretion on the floors and bread loaf on the floor." Id. at 1004 (internal quotation marks omitted). Lopez was without water for 12 hours overnight. This deprivation does not come close to being an extreme deprivation and therefore did not violate the Eighth Amendment.

### 5.    Roach on Food Tray

Lopez alleges that he found a cockroach on one of his food trays. While this allegation, if true, is unfortunate, a one-time incident such as this does not amount to the kind of extreme deprivation necessary to state an Eighth Amendment claim. See, e.g., Williams v. Scott, No. 4:23cv490, 2025 WL 953776 at *6, and cases cited therein (E.D. Tex. Feb. 26, 2025)(finding that gnats in food did not violate the Eighth Amendment), rec. adopted, 2025 WL

950069 (E.D. Tex. Mar. 28, 2025).  The roach on Lopez's food tray did not violate the Eighth Amendment.

### 6.  Forgotten Lunch

Lopez alleges that defendant Carroll forgot to bring him his lunch one time.  "The eighth amendment requires that jails provide inmates with 'well-balanced meal[s], containing sufficient nutritional value to preserve health.' Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir.1977)." Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986).  It does not require three meals a day, as long as those meals that are provided are nutritionally and calorically adequate.  Id. (holding that a jail did not violate the Eighth Amendment by serving only two meals per day).  Lopez's allegation of one isolated missed meal, absent any claim of injury, does not state a claim for an Eighth Amendment violation.

### 7.  Grievance Responses

Lopez alleges that the defendants did not respond adequately to his grievances concerning the incidents listed above.  While exhaustion of the grievance process is a prerequisite to filing a civil rights lawsuit, the Fifth Circuit has held that an inmate does not have a protected liberty interest in the processing of grievances.  See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).  Therefore, the defendants' responses to Lopez's grievances do not provide grounds for relief.

### IV. Conclusion

-9-

For the foregoing reasons, the defendants' motion to dismiss (Docket Entry No. 3) is **GRANTED** and it is **ORDERED** as follows:

1.  To the extent that Lopez seeks damages from the defendants in their official capacities, his claims are dismissed without prejudice for lack of subject matter jurisdiction;

2.  All other claims are dismissed with prejudice for failure to state a claim on which relief can be granted; and

3.  This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**SIGNED** at Houston, Texas, on this 19th day of February, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-10-